■ In the Matter of the Claim of BEVERLY SHIPLOKOFF, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— This is an appeal from a determination of the Unemployment Insurance Appeal Board that it had no jurisdiction to grant a hearing requested by the claimant because of her failure to request such a hearing within the time specified in section 620 (subd. 1, par. [a]) of the Labor Law. On March 8, 1962 the claimant was notified of the Industrial Commissioner's determination that she was not eligible for benefits based on her claim filed December 29, 1961; that she had been overpaid; and that her right to future benefits was reduced by 24 effective days for willful misrepresentation. On June 22, 1962 she reported to the local office and was "to sign for 1st week of forfeit penalty". At that time she requested an explanation and the forfeiture of 24 days was explained to claimant, whereupon she objected and the examiner "told her to sit down and we would take her statement and a request for hearing if she wanted". She refused to do as advised. On July 27, 1962 the claimant apparently refiled a claim for benefits and signed a request for a hearing on "unjust penalty, July 27, 1962". In a decision dated September, 1962, the board affirmed the finding of the Referee that no request having been made for a hearing within 30 days of March 8, 1962 the board had no jurisdiction to grant a hearing as the request was not timely filed. The respondent, Industrial Commissioner, argues that the instant case must be affirmed upon the authority of *Matter of Ferraiolo (Lubin)*, 7 A D 2d 819, where this court held that the request for a hearing must be within the time specified (now 30 days) in section 620 (subd. 1, par. [a]). In the later case of *Matter of Kasses (Catherwood)*, 9 A D 2d 153, this court said at pages 154–155: "In dealing with an adverse party in litigation a Commissioner ought to state to such a party protesting to him that the rule or statute on procedure must be followed; he cannot in fairness seem to hold out official relief and later insist that the statutory time has run out. * * * We agree with the Commissioner that if no request or application whatever, formal or informal, to review the determination of June 21, 1956 was made within 20 days the Appeal Board's power would be no greater than the Referee's to excuse a failure to meet a statutory requirement." And again in *Matter of Rivera (Catherwood)*, 13 A D 2d 575, this court held that there is no jurisdiction for a hearing unless a request is timely filed. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.